CITY OF CINCINNATI, APPELLEE, *v.* DALE, APPELLANT.

(No. 10559—Decided October 28, 1968.)

Mr. *William A. McClain* and Mr. *John P. Scahill*, for appellee.

Mr. *Gorden F. DeFosset*, for appellant.

SHANNON, J. This matter is before us as an appeal on questions of law from the Court of Common Pleas of Hamilton County.

The city of Cincinnati filed an action to appropriate certain real estate in that city. Prior to the trial, the parties entered into a stipulation, to wit: "It is hereby stipulated that for purposes of valuation, the subject real estate shall be appraised and valued as of May 1, 1967."

A verdict was rendered and journalized, and, thereafter, the city deposited the amount of the award with the clerk of courts for distribution. However, the owners moved the court to order interest assessed and added to the award "from May 2, 1967, until paid to the clerk." The motion was overruled and it is from such ruling that this appeal is taken.

Appellant urges that the following colloquy establishes May 2, 1967, as the date of taking by the city:

"The Court: The record also ought to show, in the presence of the ladies and gentlemen of the jury that there is a stipulation that the date of the take is May 2d, 1967. Is that correct, gentlemen?

"Mr. Scahill, Yes your honor.

"Mr. DeFosset, It is."

It is the contention of appellant that interest must be added to the award to afford him just compensation.

Section 163.17, Revised Code, in part provides;

"Where the agency has no right to take possession of the property before the verdict, if the award is not paid to the owner or deposited in court within twenty-one days after journalization of the verdict, interest thereafter shall accrue, except that where the owner appeals, interest shall not accrue until the agency takes possession."

It is conceded that, in the case here, the owner-appellant was in possession of the real estate, collected the rents, and paid the expenses in connection therewith during the period of time for which he seeks interest on the award.

The question presented, basically, is whether there was a taking by the city on May 2, 1967.

The stipulation between the parties, filed as part of the papers in the case, expressly provided that May 1, 1967, was the date upon which *value* was to be established. The remark of the court to counsel that the date of the *take* was May 2, 1967, is not supported by any evidence. To the contrary, the owner's possession was uninterrupted and he continued to enjoy the income from the premises. Since the jury was not confronted with the issue involved here, to wit, the assessment of interest, the statement of the court could not be prejudicial to either party. Nor can it be said, in light of all the facts, to be dispositive of the question before us.

We hold that there was no taking, actual or constructive, of the appellant's real estate by the city prior to the deposit of the amount set by verdict. Therefore, he is not entitled to interest on the award.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

LONG, P. J., and HILDEBRANT, J., concur.